**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI**

CALEB H.,

              **Plaintiff,**

    v.                                 **Civil Action 1:25–cv–00419**
                                         **Magistrate Judge Kimberly A. Jolson**

COMMISSIONER OF
SOCIAL SECURITY,

              **Defendant.**

## OPINION AND ORDER

Plaintiff, Caleb H., brings this action under 42 U.S.C. § 405(g) seeking review of a final decision of the Commissioner of Social Security ("Commissioner") denying his applications for Child Disability Benefits ("CDB") and Supplemental Security Income ("SSI"). For the reasons set forth below, the Court **SUSTAINS** Plaintiff's Statement of Errors (Doc. 10), **REVERSES** the Commissioner of Social Security's nondisability finding, and **REMANDS** this case to the Commissioner and the ALJ under Sentence Four of § 405(g).

## I.    BACKGROUND

On May 12, 2020, Plaintiff protectively filed applications for CDB and SSI alleging disability beginning November 1, 2013, due to anxiety, depression, and abdominal pain. (R. at 221−30, 241). After his applications were denied initially and on reconsideration, Administrative Law Judge ("ALJ") Michele Stolls heard the matter on April 2, 2022. (R. at 50−101). Ultimately, ALJ Stolls denied Plaintiff's applications in a written decision on July 27, 2022. (*Id.* at 25−49).

After the Appeals Council denied review, Plaintiff filed a case in the United States District Court for the Southern District of Ohio. (*Id.* at 830–35, 849–50). Upon a joint motion, this Court remanded the case to the Commissioner. *See Caleb H. v. Comm'r of Soc. Sec.*, No. 2:23-cv-1394

(S.D. Ohio Oct. 31, 2023).  The Appeals Council then remanded the matter on January 18, 2024. (R. at 864−69).  Upon remand, ALJ Maria Hodges heard the case (*Id.* at 761−92), and ultimately issued a decision denying Plaintiff's application for benefits.  (*Id.* at 730−60).

After the Appeals Council denied review, Plaintiff filed suit with this Court on June 23, 2025 (Doc. 1), and the Commissioner filed the administrative record on August 25, 2025 (Doc. 7). The matter has been briefed and is ripe for consideration.  (Docs. 10, 14, 15).

### A.      The Administrative Record

In her opinion, the ALJ summarized and evaluated Plaintiff's statements to the agency, hearing testimony, medical records, and symptoms.  (R. at 737–45).  The ALJ also summarized and evaluated the medical source opinions and prior administrative medical findings.  (*Id.* at 742–43, 745–48).  Rather than repeat these summaries, the Court will focus on the evidence pertinent to Plaintiff's assigned errors below.

### B.      The ALJ's Decision

The ALJ determined that this case had an October 23, 2017, cessation date.  (R. at 734). Therefore, she evaluated the matter for the time period from October 24, 2017, through the date of her decision.  (*Id.*).  The ALJ found that Plaintiff had not attained age 22 as of October 24, 2017, and had not engaged in substantial gainful activity since October 24, 2017.  (*Id.* at 737).  The ALJ determined that Plaintiff suffered from the severe impairments of bipolar 1 disorder; attention deficit hyperactivity disorder; borderline intellectual functioning; unspecified anxiety disorder; lumbar strain; and vertigo.  (*Id.*).  The ALJ, however, found that none of Plaintiff's impairments, either singly or in combination, meets or medically equal a listed impairment.  (*Id.* at 738).

As to Plaintiff's residual functional capacity ("RFC"), the ALJ opined:

> After careful consideration of the entire record the [ALJ] finds that [Plaintiff] has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) except he can occasionally push and or pull. He can

understand, remember, and carry out simple instructions. He can have occasional interaction with others. He can deal with only occasional changes in the work setting. He can perform work without a specific production rate pace, such as an assembly line or hourly production quotas. He can never work in proximity to moving, mechanical parts or in high, exposed places.

(*Id.* at 740).

Upon "careful consideration of the evidence," the ALJ found that Plaintiff's "statements concerning the intensity, persistence and limiting effects of [his] symptoms are not entirely consistent with the medical evidence and other evidence in the record . . . ." (*Id.* at 745). The ALJ next determined that Plaintiff has no past relevant work. (*Id.* at 748). Relying on the vocational expert's testimony, the ALJ concluded that Plaintiff could perform medium exertional, unskilled jobs that exist in significant numbers in the national economy, such as a furniture cleaner, floor waxer, or laundry laborer. (*Id.* at 749). She therefore concluded that Plaintiff "has not been under a disability, as defined in the Social Security Act, from October 24, 2017, through the date of this decision (20 CFR 404.350(a)(5), 404.1520(g) and 416.920(g))." (*Id.* at 750).

## II.    STANDARD OF REVIEW

The Court's review "is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made pursuant to proper legal standards." *Winn v. Comm'r of Soc. Sec.*, 615 F. App'x 315, 320 (6th Cir. 2015); *see also* 42 U.S.C. § 405(g). "[S]ubstantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (quoting *Cutlip v. Sec'y of HHS*, 25 F.3d 284, 286 (6th Cir. 1994)).

"After the Appeals Council reviews the ALJ's decision, the determination of the council becomes the final decision of the Secretary and is subject to review by this Court." *Olive v. Comm'r of Soc. Sec.*, No. 3:06 CV 1597, 2007 WL 5403416, at *2 (N.D. Ohio Sept. 19, 2007)

3

(citing *Abbott v. Sullivan*, 905 F.2d 918, 922 (6th Cir. 1990); *Mullen v. Bowen*, 800 F.2d 535, 538 (6th Cir. 1986) (en banc)). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, "even if a reviewing court would decide the matter differently." *Id.* (citing 42 U.S.C. § 405(g); *Kinsella v. Schweiker*, 708 F.2d 1058, 1059–60 (6th Cir. 1983)).

## III. DISCUSSION

Plaintiff's first statement of error challenges the ALJ's evaluation of Regina McKinney, Psy.D. and Bryan J. Krabbe, Psy.D., the agency's consultative evaluating psychologists. (Doc. 10 at 8–12). Plaintiff's second statement of error asserts that the ALJ's conclusion that "the claimant is capable of making a successful adjustment to other work that exists in significant numbers" is invalid. (*Id.* at 12–15). Ultimately, the Court need only consider the former.

A plaintiff's RFC "is defined as the most [she] can still do despite the physical and mental limitations resulting from her impairments." *Poe v. Comm'r of Soc. Sec.*, 342 F. App'x 149, 155 (6th Cir. 2009); *see also* 20 C.F.R. § 416.913(a)(1). The governing regulations describe five different categories of evidence: (1) objective medical evidence, (2) medical opinions, (3) other medical evidence, (4) evidence from nonmedical sources, and (5) prior administrative medical findings.[1] 20 C.F.R. §§ 404.1513(a)(1)–(5), 416.920c(c)(1)–(5). These regulations provide that an ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from your medical sources." 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Instead, they provide that an ALJ will consider medical source opinions and prior administrative findings using five factors:

---

[1] The regulations define prior administrative findings:

> A prior administrative finding is a finding, other than the ultimate determination about whether you are disabled, about a medical issue made by our Federal and State agency medical and psychological consultants at a prior level of review (see § 416.1400) in your current claim based on their review of the evidence in your case record . . . .

§ 404.1513(a)(2), (5).

supportability, consistency, relationship of source to claimant, specialization, and other factors tending to support or contradict a medical opinion or prior administrative medical finding. 20 C.F.R. §§ 404.1520c(c)(1)–(5), 416.920c(c)(1)–(5).

The regulations explicitly indicate that the "most important factors" to consider are supportability and consistency. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). Indeed, the regulations require an ALJ to "explain how [she] considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings" in a benefits determination or decision and allows that the ALJ "may, but [is] not required to, explain how [she] considered" the other factors. *Id.* At bottom, the role of the ALJ is to articulate how she considered medical opinions and how persuasive she found the medical opinions to be. *Holston v. Saul*, No. 1:20–CV–1001, 2021 WL 1877173, at *11 (N.D. Ohio Apr. 20, 2021), *report and recommendation adopted*, No. 1:20 CV 1001, 2021 WL 1863256 (N.D. Ohio May 10, 2021). The role of the Court is not to reweigh the evidence but to ensure the ALJ considered the proper factors and supported her conclusion with substantial evidence. *Id.* at *14.

Here, the ALJ summarized Dr. Krabbe's examination of Plaintiff as follows:

In August 2020, the claimant had another psychological examination by Dr. Bryan J. Krabbe. On examination, he did not appear confused. He was nervous and he displayed an apprehensive facial expression. He was oriented towards time, place, and person. He recalled five digits forward. In a slightly more complex task of immediate memory that also assessed attention, he recalled four digits backward (which was average). In terms of short-term memory, he could recall two of three words after a brief delay. He was able to count backwards by sevens two times accurately. However, he had difficulty explaining proverbs and completing addition and subtraction problems. It was noted that his general level of intelligence was below normal limits. His insight and judgment were intact. He was diagnosed with an unspecified anxiety disorder (Exhibit B6F).

(R. at 743).

The ALJ then evaluated Dr. Krabbe's opinion:

The undersigned finds the opinion of Dr. Krabbe is not persuasive. He opined the

5

> claimant has issues with learning work-related tasks including difficulty following directions and acquiring new information. He has problems with attention and concentration within work environments, including difficulty completing tasks in a timely and effective manner. The claimant can understand and respond to supervisor feedback and adequately relate to coworkers. The claimant has symptoms of anxiety that may compromise his ability or respond to work pressures, leading to increased emotional instability and withdrawal (Exhibit B6F). Such an opinion is not supported by Dr. Krabbe's own objective findings of the claimant. For example, on examination, the claimant was nervous, and he displayed an apprehensive facial expression. This objective medical evidence does not support the above opinion because there was no limitation in the opinion for social functioning (Exhibit B6F). It is also not consistent with treatment (mental examinations primarily done over the phone) or objective findings elsewhere in the record. For instance, on examination at MT, he was sometimes anxious and agitated, which could affect his social functioning (Exhibit B7F).

(*Id.* at 748).

Relevant here, Plaintiff asserts that the "ALJ does not address either the factor of supportability or the factor of consistency in explaining why limitations assessed by Dr. Krabbe were rejected." (Doc. 10 at 15–16 (emphasis in original)).  Ultimately, the Court needs to address only supportability.

In evaluating the supportability of a medical opinion, an ALJ must evaluate the objective medical evidence, as well as the support for that opinion and strength of the evidence on which the medical source based their conclusions.  *Stacie B. v. Comm'r of Soc. Sec.*, No. 2:21-CV-4650, 2022 WL 1793149, at *6 (S.D. Ohio, June 2, 2022), *report and recommendation adopted*, No. 2:21-CV-4650, 2022 WL 2237057 (S.D. Ohio June 22, 2022).  Only "a minimum level of articulation is needed to provide sufficient rationale for a reviewing court." *Id.* (internal quotations omitted).  Nevertheless, an ALJ is required to "build an accurate and logical bridge between the evidence and [her] conclusion." *Timmons v. Comm'r of Soc. Sec.*, No. 2:19-CV-3, 2019 WL 5445510, at *3 (S.D. Ohio Oct. 24, 2019).

Concerning supportability, the ALJ stated that Dr. Krabbe's opinion—Plaintiff has issues with "learning work-related tasks including difficulty following directions and acquiring new

information" and "attention and concentration within work environments, including difficulty completing tasks in a timely and effective manner," he "can understand and respond to supervisor feedback and adequately relate to coworkers," and has "symptoms of anxiety that may compromise his ability or respond to work pressures, leading to increased emotional instability and withdrawal"—is not supported by Dr. Krabbe's own objective findings. (R. at 748). The ALJ goes on to provide only one example: "on examination, the claimant was nervous, and he displayed an apprehensive facial expression." (*Id.*). Then, the ALJ states: "This objective medical evidence does not support the above opinion because there was no limitation in the opinion for social functioning (Exhibit B6F)." (*Id.*). This explanation is perplexing.

The ALJ appears to discount Dr. Krabbe's entire opinion as unsupported because Dr. Krabbe did not include any limitations for social functioning. But she offers no explanation why a failure to account for social functioning limitations equates to all of Dr. Krabbe's other opined functional limitations being unsupported and thus unpersuasive. This supportability analysis stops short of connecting the evidence and the ALJ's conclusion. All told, the ALJ's "internal inconsistency" finding does not get at "how well a medical source's own objective findings and explanations support [their] medical opinion," which is what supportability measures. *Ford v. Comm'r of Soc. Sec. Admin.*, No. 1:22-cv-524, 2023 WL 2088157, at *17 (N.D. Ohio Jan. 31, 2023) (citing 20 C.F.R. § 404.1520c(c)(1)), *report and recommendation adopted*, No. 1:22-cv-524, 2023 WL 2080159 (N.D. Ohio Feb. 17, 2023); *see also Bryan W. v. Comm'r of Soc. Sec. Admin.*, No. 1:22-CV-00281, 2023 WL 5847649, at *3 (S.D. Ohio Sept. 11, 2023) ("[S]upportability addresses whether a medical professional has sufficient justification for their *own* conclusions.") (emphasis in original).

The Commissioner's counterargument that "the entirety of the ALJ's decision sufficiently

7

explains her rationale" is unpersuasive. (Doc. 14 at 10). While true that courts consider the ALJ's opinion as a whole when evaluating supportability, *see Perkins v. Comm'r of Soc. Sec.*, No. 1:20-CV-554, 2021 WL 3722772, at *7 (S.D. Ohio Aug. 23, 2021), such a review here does not bridge the gap between the evidence and the ALJ's opinion. The ALJ discusses Dr. Krabbe only one other time in her opinion—when she summarizes Dr. Krabbe's examination of Plaintiff. That discussion does not explain why the ALJ found Dr. Krabbe's other opined functional limitations unsupported and thus unpersuasive. (*See, e.g.*, R. at 743 (Plaintiff "had difficulty explaining proverbs and completing addition and subtraction problems" and "his general level of intelligence was below normal limits")).

For certain, the ALJ could find that Dr. Krabbe's opinion is unsupported or not persuasive. But she must explain that finding in a way that permits meaningful review. *See Scott K. v. Comm'r of Soc. Sec. Admin.*, No. 3:21-CV-129, 2022 WL 4484603, at *4 (S.D. Ohio Sept. 27, 2022) (noting the ALJ is obligated to "show [her] work") (citation and quotation omitted). As it stands, the Undersigned cannot trace the ALJ's reasoning. In other words, the ALJ has not built "an accurate and logical bridge between the evidence and [her] conclusion." *Davis v. Comm'r of Soc. Sec.*, No. 2:19-CV-265, 2019 WL 5853389, at *5 (S.D. Ohio Nov. 8, 2019), *report and recommendation adopted*, No. 2:19-CV-265, 2020 WL 1482318 (S.D. Ohio Mar. 27, 2020).

As a final note, the ALJ may consider Plaintiff's other assignments of error on remand as appropriate.

## IV.    CONCLUSION

Based on the foregoing, it is **ORDERED** that Plaintiff's Statement of Errors (Doc. 10) be **SUSTAINED** and the Court **REVERSE** the Commissioner's non-disability finding and **REMAND** this case to the Commissioner and Administrative Law Judge under Sentence Four of § 405(g).

9

IT IS SO ORDERED.


Date: May 12, 2026                    *s/ Kimberly A. Jolson*
                                      KIMBERLY A. JOLSON
                                      UNITED STATES MAGISTRATE JUDGE